IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARMELLE JAMISON                                                              PLAINTIFF

VS.                                                   CIVIL ACTION NO.: 4:14-cv-170-SA-JMV

JOURNEY'S                                                                     DEFENDANT

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the court on the motion [1] of the *pro se* Plaintiff for appointment of counsel to represent her in the above-styled employment discrimination action. Having duly considered the motion, the court finds the motion is not well taken and should be denied.

"In a civil case, an attorney should be appointed only under exceptional circumstances." *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action). The court may base a decision whether to appoint counsel on many factors, including:

> (1) the type and complexity of the case;
> (2) the indigent's ability adequately to present and investigate his case;
> (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and
> (4) the likelihood that appointment will benefit the indigent, the court, and the Defendants by shortening the trial and assisting in just determination.

*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). As directed by the Fifth Circuit in *Jackson v. Dallas Police Dept.*, this court should make specific findings on each of the *Ulmer* factors rather than deciding the motion in a conclusory manner. 811 F.2d 260, 262 (5th Cir. 1986)

The first factor is the type and complexity of the case. This is an employment discrimination action wherein the Plaintiff alleges she was wrongfully terminated because of her

sex, her age, her race, her religion, her national origin, her disability due to heart condition and because she was pregnant at the time of termination. Such an action, though making numerous charges, is not so complex as to require appointment of counsel. Additionally, the fact there is only one defendant further reduces the danger that the number of parties to the action might complicate otherwise straightforward issues.

Next, the court should consider whether the indigent plaintiff is capable of adequately presenting and investigating her case without the assistance of counsel. By the filing of the instant motion and the complaint, Plaintiff has demonstrated her ability to adequately present issues and otherwise communicate information to the court. Additionally, though she alleges generally she has a heart condition, Plaintiff has failed to allege any specific condition or circumstance that would prevent her from adequately investigating her claim.

There has been no showing on this record with regard to the third factor.

Finally, there are no "exceptional circumstances" which warrant appointment of counsel in this case. Plaintiff has made no showing that counsel is necessary to present meritorious issues, and the court is confident a just determination will be reached even though Plaintiff is required to proceed *pro se*.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for appointment of counsel is hereby **DENIED**. But, the court reserves the right to make a limited appointment of counsel for purposes of the Case Management Conference if, at the appropriate time, the court determines the same is warranted

**SO ORDERED** this, the 4th day of December, 2014.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**